UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | 1:11-cr-00033-JAW |
| | ) | |
| TERRA WHALEN | ) | |

**ORDER ON DEFENDANT'S MOTION TO RECOMMEND COMMUNITY CORRECTIONS CENTER PLACEMENT**

The Court dismisses an inmate's motion for a recommendation of community corrections center placement on the grounds that it is premature and that the authority to make such a designation rests with the Bureau of Prisons.

**I.     STATEMENT OF FACTS AND THE PARTIES' POSITIONS**

On November 7, 2011, Terra Whalen pleaded guilty to possession of stolen firearms in violation of 18 U.S.C. § 922(j).  *Minute Entry* (ECF No. 76).  On April 12, 2012, the Court sentenced Ms. Whalen to seventy-two months incarceration, three years of supervised release, and a $100.00 special assessment; the Court did not impose a fine.  *J.* (ECF No. 89).

On September 6, 2013, Ms. Whalen, acting pro se, moved the Court to recommend her for community corrections placement during the last twelve months of her incarceration.  *Def.'s Mot. to Recommend Community Corrections Center Placement* (ECF No. 94) (*Def.'s Mot.*).  Citing caselaw, Ms. Whalen claims that the Bureau of Prisons (BOP) has a practice of honoring district court recommendations to place defendants in community corrections centers.  *Id*. at 1.  Ms. Whalen presents her family circumstances, including the needs of her two young children,

her children's inability to visit her during her incarceration, her mother's increasing bitterness at being required to care for Ms. Whalen's young children, her desire to reintegrate into the community upon her release from incarceration, and her efforts at rehabilitation during her incarceration. *Id.* at 2. She requests the Court to order a recommendation that the BOP place her in community confinement during the last twelve months of her incarceration. *Id.* at 3.

The Government opposes Ms. Whalen's request. *Gov't's Objection to Def.'s Mot. to Recommend Community Corrections Center Placement* (ECF No. 95). The Government says that the sentencing court has the authority to make such a recommendation at sentencing but not afterwards, because to do so would involve amending the sentencing judgment. *Id.* at 1. Furthermore, the Government maintains that the BOP, not the sentencing court, has the authority to determine how an individual prisoner re-enters the community. *Id.* at 2. Although Ms. Whalen might be able to access the courts to challenge a denial of community confinement, the Government points out that she would first be required to exhaust administrative remedies within the BOP. *Id.*

## II.    DISCUSSION

First, Ms. Whalen's motion is premature. According to the BOP's website, Ms. Whalen is serving her sentence at the Federal Correctional Institute in Danbury, Connecticut with a projected or actual release date of June 10, 2016. *See Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Oct. 7, 2013). According to her motion, Ms. Whalen would not be

eligible for transfer to a community correctional center until the last twelve months of her sentence, which under BOP calculations would not be until June 10, 2015. A motion filed in September 2013 in anticipation of a potential transfer in June 2015 is too early.

Second, even if the motion were timely, the Court would not grant it. Except in unusual circumstances not present here, the Court does not have the authority to order the BOP to transfer Ms. Whalen to a community correctional center. *Muniz v. Sabol*, 517 F.3d 29, 42 (1st Cir. 2008) ("In the absence of unusual circumstances, federal courts currently will not review a decision as to the place of confinement"). Federal statute makes it clear that, although a sentencing court may make a recommendation to the BOP about inmate placement, the authority to make the actual designation rests with the BOP, not the Court. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment"). More specifically, under federal regulation, the BOP has the authority to designate inmates to pre-release community confinement. 18 U.S.C. § 3624(c)(6)(C); 28 C.F.R. § 570.20 ("The purpose of this subpart is to provide the procedures of the Bureau of Prisons for designating inmates to pre-release community confinement"). Thus, in general, this Court does not have the authority to meddle in BOP designation decisions. *But see Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005) (addressing an inmate's habeas corpus petition challenging the BOP's refusal to place an inmate in a community confinement center).

Nevertheless, Congress encouraged the BOP to ensure "to the extent practicable" that "a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Ms. Whalen's stated efforts at rehabilitation and determination to rebuild her relationships with her children are encouraging signs that, when the time comes in the spring of 2015, the BOP may act favorably on her request. If that happens, she need not come to this Court. It remains possible that, if the BOP rejects her request and if she exhausts her administrative remedies, she could return to this Court with a federal habeas corpus petition. *Compare Putnam v. Winn*, 441 F. Supp. 2d 253 (D. Mass. 2006), *with Bullock v. Winn*, No. 06-40147-FDS. 2006 U.S. Dist. LEXIS 95601 (D. Mass. Nov. 8, 2006). Such a possibility, however, is speculative at this point.

Finally, in her motion, Ms. Whalen cites *United States v. Serpa*, 251 F. Supp. 2d 988 (D. Mass. 2003), and *Colton v. Ashcroft*, 299 F. Supp. 2d 681 (D. Mass. 2004), for the proposition that "for many years, the [BOP] routinely honored judicial recommendations to place offenders in [community corrections centers] for the imprisonment portion of their sentences." *Def.'s Mot.* at 1. Neither case is helpful to Ms. Whalen. Each case involved the legal impact of a change in BOP policy that occurred in 2002 on sentences issued under the old policy. Under the old policy, as Ms. Whalen observes, the BOP "routinely honored judicial recommendations to place offenders in [community correction centers]." *Colton*, 299 F. Supp. 2d at 684;

4

*Serpa*, 251 F. Supp. 2d at 989.  In 2002, the BOP changed its policy and the question before those Courts was whether the new policy could be applied retroactively to sentences imposed under the old policy.  Here, Ms. Whalen was sentenced long after the existing regulations had been promulgated and upheld by the First Circuit, so there is no question that these regulations apply to her.  *Muniz*, 517 F.3d at 31, 38-40 (upholding the BOP's newly promulgated community confinement regulations).

The Court is most sympathetic to Ms. Whalen's interest in reconnecting with her family and very encouraged by her efforts at rehabilitation, but based on the law, the Court does not grant her motion.

### III.  CONCLUSION

The Court DISMISSES without prejudice Terra Whalen's Motion to Recommend Community Corrections Center Placement (ECF No. 94).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2013